IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MONTY JONES,

                Plaintiff,

    v.

STATE OF WISCONSIN DIVISION OF
UNEMPLOYMENT INSURANCE,

                Defendant.

ORDER

09-cv-149-bbc

10-cv-489-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On July 2, 2009, I granted plaintiff Monty Jones leave to proceed in forma pauperis in case no. 09-cv-149-bbc on his claim that defendant State of Wisconsin Division of Unemployment Insurance denied him employment. in violation of Title VII of the Civil Rights Act. On July 14, 2010, the parties filed a stipulation for dismissal, in which they notified the court that they had reached a settlement agreement and asked for dismissal of the lawsuit with prejudice. Dkt. #60. I dismissed the case with prejudice on July 19, 2010. Now plaintiff has moved for enforcement of the settlement agreement, asserting that defendant has failed to pay him the amount agreed to by the parties. Dkt. #61. Further, on August 25, 2010, plaintiff filed a separate lawsuit in this court, case no. 10-cv-489-bbc,

1

realleging his employment discrimination claim and alleging that defendant violated the settlement agreement in case no. 09-149. Defendant has responded, arguing that the court lacks jurisdiction to enforce the settlement agreement and explaining that the settlement check that it had issued to plaintiff was intercepted by the Wisconsin Department of Revenue under Wis. Stat. §§ 71.93 and 73.12 to set off a debt owed to the state. Dkt. #62.

Defendant correctly asserts that the Court of Appeals for the Seventh Circuit has held that dismissing a case with prejudice and retaining jurisdiction to enforce a settlement agreement are incompatible acts. Bond v. Utreras, 585 F.3d 1061, 1079 (7th Cir. 2009) (citing Kokkonen v. Guardian Life Insurance Company of America, 511 U.S. 375, 381 (1994)) ("[W]here the dismissal order neither incorporated the parties' settlement agreement nor expressly retained jurisdiction over it, the court lack[s] ancillary jurisdiction to enforce it and any action for breach of the agreement belong[s] in state court."); Shapo v. Engle, 463 F.3d 641, 643 (7th Cir. 2006) ("[A] district judge cannot dismiss a suit with prejudice, thus terminating federal jurisdiction, yet at the same time retain jurisdiction to enforce the parties' settlement that led to the dismissal with prejudice."). As defendant points out, other district courts in this circuit have relied on this precedent in holding that they lack subject matter jurisdiction to enforce a settlement agreement after dismissing the underlying case with prejudice. E.g., Morisch v. United States, ___ F. Supp. 2d ___, 2010 WL 1801942, *2-3

(S.D. Ill. Apr. 6, 2010). Plaintiff's only recourse is to bring a breach of contract claim in state court. Bond, 585 F.3d at 1079.

Because I dismissed plaintiff's employment discrimination claim with prejudice and there is no independent basis for federal subject matter jurisdiction over plaintiff's breach of contract claim against defendant, plaintiff's motion to enforce the settlement agreement will be denied for lack of subject matter jurisdiction. For similar reasons, I also must dismiss plaintiff's new complaint in case no. 10-489. Because final judgment was entered on plaintiff's employment discrimination claim in case no. 09-149, plaintiff is precluded from raising it in a new lawsuit. Russian Media Group, LLC v. Cable America, Inc., 598 F.3d 302, 310 (7th 2010) (doctrine of claim preclusion or res judicata bars party from asserting claim that already has been resolved on merits or by settlement in another lawsuit between the same parties). Because this court does not have jurisdiction over plaintiff's breach of contract claim in case no. 10-489, it will be dismissed without prejudice to plaintiff's refiling it in state court.

ORDER

IT IS ORDERED that:

1. Plaintiff Monty Jones's motion to enforce the settlement agreement in case no. 09-cv-149-bbc, dkt. #61, is DENIED.

3

2. Plaintiff's complaint in case no. 10-cv-489-bbc is DISMISSED without prejudice to plaintiff's refiling his breach of contract claim in state court. The clerk of court is directed to close case no. 10-cv-489-bbc.

Entered this 23d day of September, 2010.

                                  BY THE COURT:
                                  /s/
                                  BARBARA B. CRABB
                                  District Judge